Joseph **POLLOCK**, Plaintiff,

v.

Richard T. **HELLER**, trading as Heller's Pretzel Bakery, Defendant.

No. 11295.

United States District Court
E. D. Pennsylvania.

Sept. 21, 1954.

**348**

Maurice Abrams, Philadelphia, Pa., for plaintiff.

Robert M. Landis, Philadelphia, Pa., for defendant.

GRIM, District Judge.

Defendant, Richard T. Heller, operated a small pretzel bakery in Reading, Pennsylvania. Plaintiff, Joseph Pollock, was an employee in the bakery. Pollock came to work each Saturday evening at ten o'clock and worked until the middle of each Sunday morning to help to produce a special order of pretzels for a customer who took them into New Jersey to sell along public highways there.

When Pollock was employed by Heller it was agreed that Pollock would be paid at the rate of $1 an hour with time and a half for work on Sundays and holidays. Every week in which Pollock worked for Heller he worked more than forty hours. Under the Fair Labor Standards Act, 29 U.S.C.A. § 201, Pollock was entitled to pay at the rate of time and a half for every working hour over forty a week, provided he was "in the production of goods for [interstate] commerce".

The customer who took the pretzels to New Jersey was not an agent of Heller in a legal sense. He was simply a customer who bought and paid for a certain number of pretzels from Heller each week. However, inasmuch as Heller's customer took the pretzels to New Jersey this fact was enough to make Pollock a person who was a producer of goods for interstate commerce and therefore within the coverage of the Fair Labor Standards Act. Schulte Co. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114.

Defendant testified that he did not know that the customer was taking the pretzels to New Jersey, and he contends that because of this he does not

come within the provisions of the Fair Labor Standards Act. I am not deciding whether or not defendant's knowledge of the interstate nature of the transactions is of any significance, but I find it incredible that the defendant did not know where this customer was taking his pretzels for resale. Defendant's business was so small that this customer's part of it was substantial. All the Saturday night and Sunday morning production was for him. Under these circumstances it seems to me that defendant must have known that the pretzels were being sold in New Jersey. There is direct evidence that defendant did know this. Plaintiff testified that defendant told him when he employed him that he, plaintiff, would have to work Saturday nights and Sunday mornings to produce pretzels for a customer who would take them to New Jersey. Another former employee testified that he heard defendant and the customer discuss the matter of the sales in New Jersey.

Plaintiff testified that he was paid at the rate of only $1 an hour at all times. On the other hand, defendant testified that in accordance with his employment agreement he paid plaintiff at the rate of time and a half, that is, $1.50 an hour, for plaintiff's Saturday night and Sunday work. In my opinion the answer to which of the two parties is correct in his testimony in reference to this point can be found in an examination of defendant's employment records. Defendant kept his records himself and used books, which have been introduced in evidence by plaintiff, to record the number of hours which plaintiff worked each day. Defendant explained in his testimony that when plaintiff worked on Saturday nights and Sunday mornings he always credited plaintiff in these record books with one and a half times the number of hours plaintiff actually worked at these times. He said he did this because for the purpose of computing time and a half for plaintiff's Saturday night and Sunday work it was easier and simpler to give him credit for one and one-half times the actual number of hours he worked at these times than it would have been to record the number of hours plaintiff actually worked at these times and then in order to calculate his pay multiply this number by one and a half times the usual hourly rate of pay. An examination of these record books indicates that this contention of defendant is correct. Plaintiff testified that he kept no record of the number of hours he worked, but that he usually worked from ten o'clock on Saturday night until ten or twelve o'clock on Sunday morning. It is unlikely that he would have given himself credit for fewer hours than he worked. But defendant's books show that plaintiff frequently was credited with more hours than plaintiff testified that he worked. For instance, the book for 1948 credits plaintiff with having worked the following number of hours on Saturday nights and Sunday mornings:

Week of Sept. 25th, 17 hrs.
Week of Oct. 2nd, 17½ hrs.
Week of Oct. 30th, 16½ hrs.
Week of Nov. 3rd, 18 hrs.

The record book for 1949 credits plaintiff with the following numbers of hours of work on Saturday nights and Sunday mornings:

Week of April 1st, 17 hrs.
Week of April 29th, 16½ hrs.
Weeks of May 9th and May 16th, 18 hrs.
Week of June 13th, 19½ hrs.

In my opinion defendant's testimony as to what he paid plaintiff for his Saturday night and Sunday work is correct. I find that plaintiff was paid at the contract rate of time and a half for this work.

It is clear that since plaintiff worked in the production of goods for both interstate and intrastate commerce he comes within the coverage of the Fair Labor Standards Act. Mabee v. White Plains Publishing Co., 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607. Defendant in effect concedes this, but argues that plaintiff has been paid in full be-

cause the only pretzels which passed into interstate commerce were made on Saturday nights and Sunday mornings and that since plaintiff was paid for his work at these times at the rate of one and a half times his regular hourly wage he has been paid in full. With this contention I cannot agree. The Act provides that no employer shall employ any of his employees who is engaged in the production of goods for interstate commerce "unless such employee receives compensation for his employment in excess of the hours above specified [namely, forty hours a week] at a rate not less than one and one-half times the regular rate at which he is employed." The extra pay is not limited to the work involved in the production of goods for interstate commerce. When an employee works in the production of goods in a substantial amount for interstate commerce he is entitled to pay at the rate of one and a half times his regular rate (as defined below) for excess hours calculated on all the hours he works, regardless of the fact that some of the hours may be devoted solely to the production of goods for intrastate commerce.

■ Plaintiff is entitled to receive compensation for his hours worked in excess of forty at one and a half times his regular rate, computed as the weighted average of the rates worked during the week. For example, if plaintiff worked 35 hours a week at $1 an hour and 10 hours in the same week on Saturday night and Sunday morning at $1.50 an hour, his regular rate of pay for that week is $1.11 an hour (35 hours x $1.00 + 10 hours x $1.50 ÷ 45 hours), and, in addition to the $50 he has already received, he is entitled to receive $2.78, which figure is the number of overtime hours (5) multiplied by one-half the regular rate of pay (55½ cents). For a detailed analysis of the formula to be applied in the present case, see Bay Ridge Operating Co. v. Aaron, 334 U.S. 446, 476, 68 S.Ct. 1186, 92 L.Ed. 1502.

The statements of fact and law appearing in this opinion will constitute the Court's findings of fact and conclusions of law in the case.

Plaintiff will submit a proposed judgment based upon defendant's records of the number of hours plaintiff worked each week during the period in question in accordance with the foregoing opinion.